UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-25510-CIV-MORENO**

LAHITTE, *et al*,

Plaintiffs,

vs.

VANGUARD PARKING SOLUTIONS INC.,

Defendant.

_______________________________________/

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

THIS CAUSE came before the Court upon Defendant Vanguard Parking Solutions Inc.'s Motion to Compel Arbitration. Because the Court finds that Plaintiffs have raised sufficient doubt as to the existence of an arbitration agreement, establishing a genuine issue of material fact, the Court denies the Motion without prejudice. The Federal Arbitration Act requires the Court to "proceed summarily to the trial thereof" when the existence of an agreement is put "in issue." 9 U.S.C. § 4. Accordingly, the case will proceed to trial to determine whether an arbitration agreement exists between Defendant and each of the four named Plaintiffs.

**FACTUAL BACKGROUND**

Plaintiffs Jirandy Lahitte, Vannessa Louchart Bustamante, Marcos Lopez, and Crystal Saldana bring a putative action against Defendant Vanguard Parking Solutions, Inc. under the Driver's Privacy Protection Act. According to the Amended Complaint, Defendant provides parking-enforcement services at privately operated parking facilities and uses automated license-plate recognition technology in connection with those services.

Plaintiffs allege that when Defendant determines that a vehicle has incurred an unpaid parking charge, Defendant obtains or causes others to obtain the registered vehicle owner's personal information from state motor-vehicle records. Plaintiffs contend that information includes names and residential addresses and is then used to send parking invoices and related communications. Plaintiffs maintain that they did not provide Defendant with that information and did not consent to Defendant obtaining it from motor-vehicle records.

The parties' dispute over arbitration arises from two alleged agreements. Defendant contends each Plaintiff agreed to arbitrate disputes with Defendant first by entering and parking at a Vanguard-enforced facility displaying a posted "Parking Agreement," and later by using Defendant's online Payment Portal to pay or dispute a parking notice. Plaintiffs dispute that Defendant has established formation of either alleged agreement. The circumstances of each Plaintiff differ.

## I. **Plaintiff Lahitte**

Lahitte alleges that he parked at a Vanguard-enforced facility located at 2903 McFarlane Road in Miami. Defendant's records identify the relevant parking event as July 27, 2025. Defendant contends Lahitte did not pay the parking charge onsite and was later issued a nonpayment notice.

Defendant further contends that on August 5, 2025, Lahitte accessed its Payment Portal to dispute the charge and, in doing so, accepted Defendant's Terms of Service containing an arbitration provision. Lahitte disputes that Defendant has established that he saw or assented to either the posted Parking Agreement or arbitration terms.

## II. **Plaintiff Louchart Bustamante**

Louchart alleges that she parked at a facility located at 1515 New York Avenue NE in Washington, D.C., on September 21, 2025. Defendant issued a nonpayment notice. Defendant's records reflect that completing that transaction required Louchart to affirmatively accept Terms of Service containing an arbitration agreement.

Louchart disputes that Defendant has established assent to the posted Parking Agreement and challenges whether the circumstances of the facility provided reasonable notice of contractual terms.

## III. **Plaintiff Lopez**

Lopez's circumstances present an additional factual dispute. Defendant contends that on June 22, 2024, Lopez entered its facility at 900 Central Avenue in St. Petersburg and remained there from 9:16 a.m. until approximately 3:58 p.m. Lopez denies that account and maintains that he drove the property twice that day without parking—once in the morning and again in the afternoon.

Defendant produced database records reflecting two license-plate reads at approximately 9:16 a.m. and 3:58 p.m. Defendant interprets those records as evidence that Lopez remained at the facility between those times. Lopez contends that the two plate reads are consistent with his sworn account that he drove through the facility twice and do not establish that his vehicle remained there during the intervening period.

Defendant further contends Lopez subsequently accessed its online portal to dispute the parking notice and thereby accepted its Terms of Service. Lopez disputes that Defendant has established what interface he encountered or that he affirmatively accepted arbitration terms.

IV. **Plaintiff Saldana**

Saldana alleges that she parked at a Vanguard facility at 1029 Annunciation Street in New Orleans in November 2025 and subsequently received a nonpayment notice. Defendant contends Saldana later used its online portal to dispute the charge and, through that process, accepted Terms of Service requiring arbitration. Saldana disputes that Defendant has established that she saw or assented to either the posted Parking Agreement or the online arbitration provision.

## PROCEDURAL BACKGROUND

Defendant moves to compel arbitration, asserting that each Plaintiff independently agreed to arbitrate on two occasions: first, through conduct at the parking facility, and second, through use of Defendant's online portal. Plaintiffs oppose the Motion.

Defendant then filed a Reply containing additional evidence, including a supplemental declaration, a July 2024 version of its Terms of Service, and additional database information concerning Lopez. Because the Reply introduced new evidence, the Court allowed Plaintiffs to file a Surreply addressing that evidence.

The parties subsequently exchanged supplemental authority filings. Defendant submitted authority concerning parking-lot signage, and Plaintiffs responded. Plaintiffs later submitted a 2026 decision from the Eleventh Circuit concerning online contract formation, and Defendant responded. Defendant's response also introduced an additional argument concerning Plaintiffs' allegedly unlawful parking conduct, and the Court permitted Plaintiffs to file a short response confined to that new argument.

## LEGAL STANDARD

Whether an arbitration agreement exists is a threshold question of contract formation. *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016). "Absent such an

agreement, 'a court cannot compel the parties to settle their dispute in an arbitral forum.'" *Id.* (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004)). "[S]tate law governs the issue of the existence of an agreement to arbitrate under the [Federal Arbitration Act]." *Id.* at 1330.

In deciding that question, the Court applies a summary-judgment like standard. *Id.* at 1333. Thus, the Court may determine as a matter of law that the parties did or did not enter into an arbitration agreement only when "'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Id.* at 1333 (quoting Fed. R. Civ. P. 56(a)). "[E]ntry of summary judgment is appropriate 'against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 1334 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). But if a material factual dispute exists over whether the parties formed an agreement, "the Court shall proceed to trial on the issue." *Valencia v. 1300 Ocean Drive, LLC*, No. 17-20669-Civ, 2017 WL 7733158, at *2 (S.D. Fla. Dec. 4, 2017) (citation omitted).

## DISCUSSION

Applying the summary-judgment like standard described above, the Court finds that the record presents genuine disputes of material fact concerning whether Plaintiffs entered an agreement to arbitrate. First, the evidence does not conclusively establish which Parking Agreement was presented to each Plaintiff. Defendant relies on exemplar parking agreements and testimony that its facilities contained the "same or similar" arbitration provisions, while Plaintiffs identify the absence of contemporaneous evidence establishing the particular agreement Defendant displayed at each facility at the relevant time. (D.E. 18-1 ¶¶ 5–7; D.E. 22 at 3–6; D.E. 25-1 ¶¶ 5–8, D.E. 29 at 2–3). That uncertainty is material because the record contains different versions of

the Parking Agreement and different versions of Defendant's online Terms, creating a factual dispute concerning which terms governed each Plaintiff's alleged assent.

The record also presents a factual dispute concerning Plaintiffs' alleged assent through Defendant's online portal. Defendant maintains that Plaintiffs accepted its Terms of Service when paying or disputing parking notices, but it has not produced a contemporaneous screenshot or system record establishing the dispute interface or assent mechanism actually presented to Plaintiffs. (D.E. 18-1 ¶¶ 16–24; D.E. 22 at 9–10; D.E. 25-1 ¶ 23; D.E. 29 at 5–6). Further, Plaintiffs have submitted sworn testimony disputing notice and assent, including Lopez's testimony that he never parked—the conduct Defendant's Parking Agreement identifies as acceptance—and that he instead drove through the facility twice. (D.E. 18-2; D.E. 22 at 5–7; Lopez Decl. ¶¶ 6, 9–16, 21; D.E. 29 at 4–5). Resolving the competing evidence requires a factual determination the Court cannot make under the applicable summary-judgment like standard.

Taken together, these evidentiary conflicts are sufficient to place the existence of an arbitration agreement in genuine dispute. *See Santiago-Duran v. Vanguard Parking Solutions, Inc.*, No. 24-24089-CIV, 2025 WL 3785602, at *2 (S.D. Fla. Feb. 7, 2025) (denying motion to compel arbitration after holding that the plaintiff "raised sufficient doubt as to the existence of an arbitration agreement, establishing a genuine issue of material fact"); *see also Bazemore*, 827 F.3d at 1334 (denying defendant's motion to compel arbitration even though plaintiff "provided almost no evidentiary support for her contention that she never entered into an arbitration agreement with" defendant). "The conflict is material because it is one that goes to the essence of whether a contract was formed. Moreover, the issue is genuine because a reasonable jury could rule for either party." *Dahdouh v. Rd. Runner Moving & Storage Inc.*, No. 20-61936-CIV, 2020 WL 7481546, at *3

(S.D. Fla. Dec. 3, 2020), *report and recommendation adopted*, No. 20-61936-CIV, 2020 WL 7480817 (S.D. Fla. Dec. 18, 2020).

This conclusion does not resolve whether Plaintiffs ultimately entered into enforceable arbitration agreements; it establishes only that the present record does not permit the Court to resolve formation as a matter of law. Because the making of the arbitration agreement is "in issue," the Federal Arbitration Act requires the Court to "proceed summarily to the trial thereof." 9 U.S.C. § 4.

## CONCLUSION

For the reasons stated above, it is

**ADJUDGED** that Defendant's Motion to Compel Arbitration is **DENIED without prejudice.** It is further

**ADJUDGED** that this case will proceed summarily to a trial, as required by 9 U.S.C. § 4, to determine whether an arbitration agreement exists between Defendant and each of the four named Plaintiffs. A Scheduling Order will follow.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 of August 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record